| | | |
|---|---|---|
| AUSA: Susan Fairchild | | Telephone: (313) 226-9577 |
| Agent: BPA Michael Everson | | Telephone: (313) 926-4700 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Jorge Luis MARTINEZ-GRESS

Case No.
Case: 2:24−mj−30208
Assigned To : Unassigned
Assign. Date : 5/30/2024
Description: COMP USA V.
MARTINEZ−GRESS (KB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 13, 2024** in the county of **Wayne** in the **Eastern** District of **Michigan**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a),(b)(1) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

On or about May 13, 2024, in the Eastern District of Michigan, Southern Division, Jorge Luis MARTINEZ-GRESS, an alien from Mexico, who was previously convicted of a felony offense, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about December 6, 2019, at or near El Paso, Texas and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326 (a), (b)(1).

☑ Continued on the attached sheet.

*Complainant's signature*

Michael Everson, BPA
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: May 30, 2024

*Judge's signature*

City and state: Detroit, MI

Kimberly G. Altman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Michael Everson, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since December 2011. Currently, I am assigned to the Detroit Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official Immigration file and system automated data relating to Jorge Luis MARTINEZ-GRESS, which reveals the following:

2. MARTINEZ-GRESS is a thirty-four-year-old male, native and citizen of Mexico, who last entered the United States at or near an unknown place, on or about an unknown date without being admitted, inspected, or paroled by an Immigration Officer.

3. On or about May 6, 2007, MARTINEZ-GRESS was arrested by Arlington, Texas police officers for Possession of Marijuana.

4. On or about July 23, 2007, MARTINEZ-GRESS was convicted for Possession of Marijuana in violation of HSC 481.121(b)(1) and was sentenced to 12 days in jail.

5. On or about July 25, 2007, MARTINEZ-GRESS was arrested by Immigration and Customs Enforcement (ICE). He was processed for Notice to Appear (NTA).

6. On or about October 18, 2007, an Immigration Judge granted MARTINEZ-GRESS a Voluntary Departure from the United States back to Mexico.

7. On or about October 20, 2007, MARTINEZ-GRESS returned to Mexico through Laredo, Texas.

8. On or about August 7, 2010, MARTINEZ-GRESS was arrested by police officers in Arlington, Texas for Failure to Identify/Fugitive Intent. He was subsequently found guilty of PC 38.02(d)(2). On or about April 15, 2011 he was sentenced to 6 days in jail.

9. On or about September 3, 2010, MARTINEZ-GRESS was arrested for Possession of a Controlled Substance by Texas Highway Patrol at or near Lubbock, Texas.

10. On or about March 25, 2011, MARTINEZ-GRESS was convicted for Felony Possession of a Controlled Substance in violation of HSC 481.115(b). He was sentenced to 180 days in jail.

11. On or about April 1, 2011, MARTINEZ-GRESS was convicted for Possession of Marijuana in violation of HSC 481.121(b)(1) and was sentenced to a fine of $400.

12. On or about April 19, 2011, MARTINEZ-GRESS was arrested by ICE at or near Weatherford, Texas and was processed for NTA.

13. On or about April 29, 2011, MARTINEZ-GRESS was ordered removed by an Immigration Judge.

14. On or about May 3, 2011, MARTINEZ-GRESS was removed back to Mexico through Del Rio, Texas.

15. On or about April 11, 2014, MARTINEZ-GRESS was arrested by Border Patrol Agents at or near Laredo, Texas. His prior order of removal was reinstated.

16. On or about June 23, 2014, MARTINEZ-GRESS was removed back to Mexico through Laredo, Texas.

17. On or about June 7, 2019, MARTINEZ-GRESS was arrested by Border Patrol Agents at or near Santa Teresa, New Mexico. His prior order of removal was reinstated.

18. On or about November 14, 2019, MARTINEZ-GRESS was convicted for Unlawful Reentry, in violation of Title 8 USC §1326(a) and (b). He was sentenced to 6 months in jail and 1 year of unsupervised release.

19. On or about December 6, 2019, MARTINEZ-GRESS was removed back to Mexico through El Paso, Texas.

20. On or about May 13, 2024, MARTINEZ-GRESS was encountered by Border Patrol Agents near Detroit, Michigan. While patrolling the area, Supervisory Border Patrol Agent (SPBA) Diaz pulled behind Michigan State police officers during a traffic stop to offer back up assistance. SBPA Diaz questioned MARTINEZ-GRESS in the Spanish language of his status in the United States. MARTINEZ-GRESS freely stated that he was illegally present in and did not

possess the proper documents to allow him to enter or legally be present in the United States. MARTINEZ-GRESS was transported to the Detroit Border Patrol Station for processing. His prior order of removal was reinstated.

21. Jorge Luis MARTINEZ-GRESS's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results revealed that MARTINEZ-GRESS is a citizen of Mexico with the foregoing immigration history who has been previously removed from the United States. The record checks did not provide any evidence that MARTINEZ-GRESS legally entered the United States or had been issued any document or status that would allow him to enter or remain the United States.

22. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

23. Review of the Alien File (A# xxx xxx 562) for Jorge Luis MARTINEZ-GRESS and queries in Department of Homeland Security databases confirm no record exists of MARTINEZ-GRESS obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal on December 6, 2019.

24. Based on the above information, I believe there is probable cause to conclude that Jorge Luis MARTINEZ-GRESS, is an alien, who had previously been convicted of a felony offense and who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a), (b)(1).

Michael Everson, Border Patrol Agent
U.S. Department of Homeland Security

Subscribed and sworn to before me in my presence and/or by reliable electronic means.

KIMBERLY G. ALTMAN
United States Magistrate Judge

Dated: May 30, 2024

4